1
2
3
4
5

Glenn R. Kantor - SBN 122643
  E-mail: gkantor@kantorlaw.net
Christina J. Smith - SBN 193509
  E-mail: csmith@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:  (818) 886-2525
Facsimile:  (818) 350-6272

6
7

Attorneys for Plaintiff,
HOLLY KIVLIN

8
9
10
11
12

Sandra I. Weishart  - SBN 89782
  E-mail: sweishart@bargerwolen.com
Jason C. Love - SBN 228881
  E-mail: jlove@bargerwolen.com
BARGER &. WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

13

Attorneys for Defendant
SUN LIFE ASSURANCE COMPANY OF CANADA

14
15
16
17
18

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
Sacramento Division

19
20
21
22
23
24
25

| | |
|---|---|
| HOLLY KIVLIN,<br><br>                 Plaintiff,<br><br>        vs.<br><br>SUN LIFE ASSURANCE COMPANY<br>OF CANADA,<br><br>                 Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 2:10−CV−03123−KJM−KJN<br><br>STIPULATED CONFIDENTIALITY<br>AGREEMENT AND PROTECTIVE<br>ORDER; [~~PROPOSED~~] ORDER |

26
27
28

    Plaintiff Holly Kivlin ("Plaintiff") and Defendant Sun Life Assurance

Company of Canada ("Defendant"), by and through their respective counsel of

record, hereby agree and stipulate to the following protective order in the above-captioned case:

1.    **Scope of Order**.  The purpose of this Stipulated Protective Order is to protect against the unnecessary disclosure of confidential, trade secret and/or proprietary information by parties and non-parties.  All such documents and information protected by this Stipulated Protective Order will hereafter be referred to as "Protected Information."  The Protected Information shall be used solely in connection with the litigation and trial of this case, and for no other purpose or in any other case.

2.    **Definitions**.  Materials and information protected by this Stipulated Protective Order shall mean any documents, materials, items, or information designated by Plaintiff, Defendant or any third party as "Confidential," including information derived therefrom, and produced in response to a party's requests for production of documents, interrogatories, stipulation, subpoena, motion or deposition. "Protected Information" is confidential, trade secret and/or proprietary information (A) contained in or derived from Defendant's manuals, guidelines, instructions, policies and procedures or training materials used in connection with handling, processing or adjusting long term disability claims; (B) relating to Defendant's finances or business operations; (C) that Defendant is required to keep confidential by statute, regulation or other law; or (D) relating to Plaintiff's financial accounts or that may allow for the identification or misuse by third parties of Plaintiff's personal financial information.  However, to the extent that redaction of Plaintiff's personal information pursuant to Fed.R.Civ.Proc. 5.2 and Eastern District L.R. 140 prevents identification of Plaintiff's private financial information, the entire document containing such redaction does not need to be marked "Confidential," does not need to be filed under seal and is not subject to the terms of this Stipulated Protective Order.

STIPULATED PROTECTIVE ORDER

Protection of information in Categories (A) and (B) is required because this proprietary, commercially-sensitive information is a product of Defendant's experience and expertise in the insurance industry, and is not generally disseminated to the general public or to Defendant's insureds.  Disclosure of information in this category would give Defendant's competitors an unfair business advantage and harm Defendant's competitive position.  Protection of information in Category (C) is required because Defendant would violate statutes, regulations and/or other laws if it was required to produce the information in the absence of a Protective Order.

Protection of information in Category (D) is required to protect Plaintiff's rights of privacy and to prevent misuse by third parties of Plaintiff's identity and/or identity theft.

"Protected Information" does not include information that: (i) is in the public domain at the time of disclosure, through no fault of the party challenging the designation; (ii) becomes part of the public domain through no fault of the party challenging the designation, (iii) was in the receiving party's rightful and lawful possession at the time of disclosure (and is not otherwise subject to protective order, confidentiality agreement and/or otherwise restricted from public disclosure); (iv) is lawfully received by the receiving party from a third party at a later date and it is not subject to protective order, confidentiality agreement and/or otherwise restricted from disclosure, and provided such third party has the right to make the disclosure to the receiving party; or (v) is received by Defendant as part of the claims evaluation process and which becomes part of Plaintiff's claim and/or appeal file, provided, however, that any personal financial information that is filed with the Court or used at deposition will be redacted or, if redaction will not protect the information, marked confidential and treated as subject to the terms of this Stipulated Protective Order.  Documents described in (i) through (v), above,

STIPULATED PROTECTIVE ORDER

shall not be designated as "Confidential," except under the limited exception set forth in (v).  Designations shall be made by counsel in good faith.

The parties assert that the "Protected Information" should be protected by a Court order rather than by a private agreement because the entry of a protective order would carry the weight of the Court's imprimatur and authorize the exercise of its contempt power over any potential violations of this protective order.  A private agreement between the parties would not serve to fully protect the confidential nature of the "Protected Information" from unwarranted disclosure, would not be as strong of a deterrent against such disclosure, and would not provide sufficient remedies in the event of disclosure.

3.      **Category of Protection**.  There shall be only one category of protection.  Documents or other material may be designated as "Confidential" by a party or a producing nonparty if they contain information of the type referred to in Paragraph 2 of this Stipulated Protective Order.  Confidential Material may not be photocopied, reproduced or duplicated in any manner, whether in hard copy or electronic format, subject to the explicit exceptions contained in this Order.

4.      **Qualified Persons**.  Protected Information as designated above shall be used only for the purposes of conducting this litigation and shall be disclosed only to "Qualified Persons" which, as used herein, shall mean:

A.      Outside counsel who have made an appearance in this litigation and outside counsel for any third party required to produce documents or give testimony in this lawsuit and secretarial, clerical, litigation support and paralegal personnel regularly employed by such outside counsel to whom it is necessary that the Protected Information be shown for purposes of this litigation.

B.      Bonafide outside consultants and experts and their clerical and support staff specifically engaged by counsel or the parties to assist in this

STIPULATED PROTECTIVE ORDER

litigation, provided such experts are not a competitor of any party to or third party required to produce documents or give testimony in this litigation.

   C. Officers, in-house counsel, or other employees of any party or any third party required to produce documents or give testimony in this lawsuit.

   D. The Court, other court personnel (including court reporters in the courtroom) and the jury or other trier of fact.

   E. Factual witnesses who agree to comply with and be bound by the requirements of this Order and whose role as a witness is such that they have a genuine need to know the content of the Protected Information.

   F. Court reporters (except court reporters in the courtroom), videographers and their employees.

   G. Any other person as to whom the producing party or third party agrees in writing.

  5. **Use and Dissemination of Protected Information**.  Information designated as "Confidential" information shall not be disclosed or made available by the receiving party to anyone other than a Qualified Person.

  6. **Disclosure to Third Parties**.  The Qualified Persons listed in Paragraph 4 shall not distribute, disclose or otherwise publish or make available the Protected Information to any third persons unless consented to in writing by the party designating that material as Protected Information under this Stipulated Protective Order, or permitted to do so by the Court.  Further, before disclosure of Protected Information to any person under this Stipulated Protective Order except as provided in Paragraph 4(D), each such person shall be provided with a copy of this Stipulated Protective Order and shall execute a Non-Disclosure Agreement (Exhibit A).  Persons listed in Paragraph 4(D) shall not be bound by the terms of this Stipulated Protective Order except to the extent of normal Court procedures

STIPULATED PROTECTIVE ORDER

and applicable laws for Court-ordered sealed documents, such that Court administration is not unduly impeded.

7.    **Party's Right To Use Information**.  Nothing in this Order shall prevent a party from using its own Protected Information in any manner it sees fit or from revealing its own Protected Information to a person other than those designated in Paragraph 4 without prior consent of any other person, entity or this Court.  Parties acknowledge that by revealing their own Protected Information to a person other than those designated in Paragraph 4, all information revealed shall no longer be designated Protected Information, and any party doing so must notify the other party of such disclosure to someone other than a Qualified Person as that term is defined in Paragraph 4.  Nothing herein shall prevent disclosure beyond the terms of this Stipulated Protective Order if each party or third party designating the information as "Confidential" consents to such disclosure in writing or if the Court, after notice to all affected parties, orders such disclosure.  Nor shall anything herein prevent any attorney of record from utilizing "Confidential" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" information, irrespective of which party or third party produced such information.  Nor shall anything herein prevent any attorney of record from utilizing "Confidential" information in the examination or cross-examination of any person who is an officer, director or employee of the party or third party so designating the information as "Confidential" or of the party or third party that produced the information.

8.    **Disclosure to Government**.  No party who has received Protected Information, or persons acting on such party's behalf, may voluntarily disclose any Protected Information to any state or federal law enforcement or regulatory agency, or any employee agent thereof, except as otherwise commanded by law or

STIPULATED PROTECTIVE ORDER

provided in this Stipulated Protective Order and may do so only after providing reasonable notice to the attorneys for the party who produced the Protected Information so that it may act upon or object to such disclosure.  Notwithstanding anything to the contrary in this Paragraph, Defendant's disclosure of Protected Information to a state or federal law enforcement or regulatory agency, or any employee agent thereof pursuant to an investigation conducted by such entity shall not be deemed a violation of this Stipulated Protective Order and no advance notice to the attorneys for the party who produced the Protected Information shall be required.

       9.      **Deposition Procedures.**

      A.      Deposition transcripts or portions thereof which contain or refer to Protected Information may be designated as "Confidential" before or during the deposition, in which case the transcript of the testimony and exhibits designated as "Confidential" shall be bound in a separate volume and marked with the word "Confidential" by the reporter, as the party seeking to designate the Protected Information as confidential may direct.  The parties agree that the disclosure of Protected Information, testimony and/or exhibits containing or referring to Protected Information to court reporters, videographers and/or their staff shall not change the confidential status of Protected Information and shall not be deemed a waiver of privileges asserted as to the Protected Information.

      B      Where testimony or documents are designated as Protected Information at a deposition, the parties hereto may exclude from the deposition all persons other than those to whom the Protected Information may be disclosed under paragraph 4 of this Stipulated Protective Order.

      C.      Any party may mark Protected Information, or information derived or obtained therefrom, as a deposition exhibit and examine any witness thereon, provided that the deposition witness is a qualified person to whom the exhibit may

be disclosed under paragraph 5 of this Stipulated Protective Order and that the exhibit and related transcript pages receive the same confidentiality designation as the original Protected Information.

D.      Notwithstanding all of the foregoing, to eliminate the need for marking Protected Information and documents containing information derived or obtained therefrom in a deposition, the parties shall strive to reach agreement to refer to such documents by control or Bates-stamp number, and agree that, to the extent a witness might authenticate a document at a deposition, with the document attached, he or she can do so similarly if the document is not attached, but is sufficiently described by control or Bates-stamp number.

10.      **Rights Preserved**. Nothing in this Stipulated Protective Order shall be deemed to preclude any party or third party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information.  Nor shall any provision of this Stipulated Protective Order be deemed to preclude any party from challenging the validity of the confidentiality of any materials so designated (in the manner specified in Paragraph 11 below), or from requesting the Court to amend or modify this Order with respect to any particular matter.  Nothing in this Stipulated Protective Order shall be deemed a waiver of any party's right to object to the admissibility of any documents produced pursuant to this Stipulated Protective Order at trial or any other court proceeding on the of relevance, materiality, privilege, overbreadth or any other recognized objection to discovery.  All applicable objections are expressly reserved.  Nothing in this Stipulated Protective Order shall be deemed to have the effect of an admission or waiver by any party, or of altering the confidentiality of any document or information contained therein or derived therefrom.  The disclosure of Protected Information pursuant to this Stipulated Protective Order shall not be deemed to have the effect of an admission or waiver

STIPULATED PROTECTIVE ORDER

by any party and shall not alter the confidentiality of any document or information contained therein or derived therefrom.  Nothing contained in this Stipulated Protective Order shall be construed as affecting the right of any party to withhold information based on a claim of privilege.

11.   **Objections to Designation**.  Any party may, after production of material designated under this Protective Order, object to its designation by notifying the Designating Party in writing of that objection and specifying the designated material to which the objection is made.  The parties shall confer within 15 calendar days of service of any objection.  If the objection is not resolved, the Designating Party shall, within 15 calendar days of the conference, file and serve a motion in this Court to resolve the dispute and shall bear the burden of proof on the issue.  If no such motion is filed within the stated time period, the material shall cease to be treated as Confidential.  If a motion is filed, information subject to dispute shall be treated consistently with its designation until further order of the Court.  With respect to any material which ceases to be subject to the protection of this Protective Order, the Designating Party shall, at its expense, provide to the other party, a copy of each document from which all confidential legends previously affixed have been removed.

12.   **Filing Under Seal**.  In the event a party wishes to use any Protected Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Protected Information must be of the type set forth in Paragraph 2 and 3 of this Stipulated Protective Order and must satisfy the criteria set forth in Local Rule 141.  The party wishing to file such Protected Information shall request that the Court recognize the information as "Protected Information" and shall fully comply with all rules and procedures set forth by Fed. R.Civ.P. 5.2, 26 and Local Rule 141 and any other applicable rules governing the request to file documents under seal.

STIPULATED PROTECTIVE ORDER

13.   **Consent to Disclosure**.  Nothing shall prevent disclosure beyond the terms of this Stipulated Protective Order if all parties consent to such disclosure, or if the Court, after notice and opportunity to be heard to all parties, permits such disclosure or refuses to allow the filing of documents under seal.  Specifically, if and to the extent any party wishes to disclose any Protected Information beyond the terms of this Stipulated Protective Order, that party shall provide the other party with reasonable notice in writing of its request to so disclose the materials.

14.   **Inadvertent Disclosure**.  The inadvertent production or disclosure of any Protected Information (including physical objects) to the receiving party shall not constitute a waiver of the attorney-client privilege and/or work product doctrine if the producing party sends to each receiving party a request for return of any such inadvertently produced documents to the producing party within 30 days of such inadvertent production or disclosure.  Upon receiving such a request by the producing party, the receiving party immediately shall return to the producing party all copies of such documents, and shall immediately confirm in writing that all electronic copies of the documents have been deleted from electronic records.  Upon a reasonable request by the receiving party as to whether a document was inadvertently produced, the producing party shall have fifteen calendar days to respond.  The producing party's response shall:  (A) state whether the document was or was not inadvertently produced, (B) if applicable, designate the document as within the attorney-client privilege and/or work product immunity, and (C) state whether return of the document is requested.  In the event the receiving party challenges the propriety of the attorney-client privilege and/or work product immunity designation, the party asserting privilege may file an appropriate motion with the Court.  In such a motion, the burden of establishing privilege shall remain on the party asserting the privilege.  If a document or information has been used during a deposition, used at a hearing, identified in a pleading filed with the Court,

identified in a pretrial order or interrogatory response, identified for use at trial, or disclosed to the Court, no claim of inadvertent production may be made unless such claim is made within fifteen (15) calendar days of such use, identification or disclosure.

15.    **Court Retains Final Authority**. The Court retains final authority to determine what is or is not "Protected Information" as defined by Paragraph 2 and 3 of this Stipulated Protective Order and to remove the "Confidential" designation from any document governed by this Stipulated Protective Order as necessary to protect the public interest.  Further, and notwithstanding any provisions stated in Paragraph 11, should the Court determine that documents may not be filed under seal, the parties are permitted to file documents containing Protected Information without limitation.

16.    **Conclusion of Litigation**. Within sixty (60) days after the termination of this litigation and any appeal thereof, all Protected Information produced by a party or third party, including originals and copies (including electronic copies), that are in the possession of any of the persons who are Qualified Persons pursuant to Paragraph 4, except those in Paragraph 4(D), shall be returned to the producing party or third party, except as this Court may otherwise order.  Following termination of this litigation, the provisions of this Stipulated Protective Order relating to the confidentiality of Protected Information shall continue to be binding, except with respect to documents and information which are no longer Protected Information.  ~~This Court retains jurisdiction over all persons provided access to Protected Information for enforcement of the provisions of this Order following termination of this action and the final conclusion of this action~~.

17.    **Violation of Order**. Willful violation by any person of any provision of this Order may be punishable as contempt of Court.  Further, any party hereto

STIPULATED PROTECTIVE ORDER

may pursue any and all civil remedies available to him or it for breach of the terms of this Order.

18.    This Stipulated Protective Order shall be effective and enforced according to its terms from and after entry of the Order by this Court.

Dated:  July __, 2011                          KANTOR & KANTOR LLP


By:  _____
         Christina J. Smith
         Attorneys for Plaintiff Holly Kivlin


Dated:  July __, 2011                          BARGER & WOLEN LLP


By:  _____
         Sandra I. Weishart
         Attorneys for Defendant Sun
         Assurance Company of Canada


## **ORDER**

The "Stipulated Confidentiality Agreement and Protective Order" filed by the parties is HEREBY APPROVED, except that portion of Paragraph 16 that is stricken above.

IT IS SO ORDERED.

DATED:  July 20, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

NON-DISCLOSURE AGREEMENT


I, _____, have reviewed the Stipulated Protective Order entered by the Court in *Holly Kivlin v. Sun Life Assurance Company of Canada*, Case No.: 2:10−CV−03123−KJM−KJN,

and I have had an opportunity to review it and seek independent counsel about its contents.  Having read the Stipulated Protective Order, understanding its contents, including the obligations and duties it imposes upon me, and agreeing to abide by it, I voluntarily, knowingly, and by my own hand execute this Non-Disclosure Agreement, which obligates me to adhere to the terms of the Stipulated Protective Order,


EXECUTED this            day of                        , 20__.


_____

Signature of Qualified Person

STIPULATED PROTECTIVE ORDER